UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANTHONY JEROME SCOTTS | CIVIL ACTION |
| VERSUS | NO. 14-452 |
| SGT. JOHN O'BRIEN, ET AL. | SECTION: "I"(1) |

### REPORT AND RECOMMENDATION

Plaintiff, Anthony Jerome Scotts, a state prisoner, filed this *pro se* and *in forma pauperis* federal civil rights complaint against Sergeant John O'Brien, Officer Joshua Carwile, Officer Sheriff Davis, Officer Kamil Kuczek, and Superintendent Ronal Serpas. In order to better understand the factual bases of plaintiff's claims, the Court held a Spears hearing on March 19, 2014. See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).[1] Based on plaintiff's complaint and his testimony at the Spears hearing, the Court finds that plaintiff is making the following allegations in this lawsuit.

On June 15, 2012, plaintiff was stopped by police, drugs were purportedly found when his vehicle was searched, and he was arrested for possession of marijuana and cocaine. The officers alleged that plaintiff gave them permission to search his vehicle; however, plaintiff states that is untrue. Although he signed a form consenting to the search, plaintiff says that form was signed after the search had already taken place and he did not understand what he was signing. Plaintiff was first taken to court on the charges the day after his arrest, and he was subsequently convicted on all charges arising from his arrest.

---

[1] "[T]he Spears procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners." Davis v. Scott, 157 F.3d 1003, 1005-06 (5th Cir. 1998). The United States Fifth Circuit Court of Appeals has observed that a Spears hearing is in the nature of a Fed.R.Civ.P. 12(e) motion for more definite statement. Eason v. Holt, 73 F.3d 600, 602 (5th Cir. 1996). Spears hearing testimony becomes a part of the total filing by the *pro se* applicant. Id.

I.  Standards of Review

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).  Regarding such lawsuits, federal law further requires:  "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint ... is frivolous ...." 28 U.S.C. § 1915A(b)(1).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action ... is frivolous ...." 28 U.S.C. § 1915(e)(2)(B)(i).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

Although broadly construing plaintiff's complaint,[2] and fully considering his Spears hearing testimony, the undersigned recommends that, for the following reasons, this matter be dismissed as frivolous.

---

[2] The court must liberally construe a *pro se* civil rights complaint.  See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

II.  Plaintiff's Claims

Liberally construed, plaintiff's complaint asserts claims for illegal search and seizure, false arrest, and false imprisonment.  However, those claims accrued in 2012 when the search occurred, he was arrested, and he became detained pursuant to legal process.  See Wallace v. Kato, 549 U.S. 384 (2007); Quatrevingt v. Thibodeaux, Civ. Action No. 10-4047, 2011 WL 2182104, at *4 (E.D. La. May 2, 2011), adopted, 2011 WL 2182069 (E.D. La. June 2, 2011); McCloud v. Jarus, Civ. Action No. 09-0121, 2010 WL 103684, at *6-7 (E.D. La. Jan. 7, 2010); Jordan v. Strain, Civ. Action No. 09-3565, 2009 WL 2900013, at *2 (E.D. La. Aug. 28, 2009); Shipp v. Richardson, Civ. Action No. 3:07CV-P693-S, 2008 WL 2358859, at *2 (W.D. Ky. June 7, 2008).  Plaintiff thereafter had only one year to bring his claims pursuant to 42 U.S.C. § 1983.  See Jacobsen v. Osborne, 133 F.3d 315, 319 (5th Cir. 1998) ("[F]or a § 1983 action, the court looks to the forum state's personal-injury limitations period.  In Louisiana, that period is one year." (citation omitted)); see also Clifford v. Gibbs, 298 F.3d 328, 332 (5th Cir. 2002); Smith v. Orleans Parish Prison, Civ. Action No. 08-3786, 2008 WL 2951279, at *1 (E.D. La. July 25, 2008).  Because plaintiff's federal complaint was not filed until 2014,[3] well over a year after the claims accrued, the claims prescribed before the instant lawsuit was filed. Prescribed claims are properly dismissed as frivolous.  See, e.g., Brown v. Pool,

---

[3] A prisoner's complaint is considered "filed" when it is given to the prison authorities for mailing to the Clerk of Court. Cooper v. Brookshire, 70 F.3d 377, 378 (5th Cir. 1995). In the instant case, that date could not have been earlier than the date of the complaint was signed, January 28, 2014.

79 Fed. App'x 15, 17 (5th Cir. 2003); Gonzales v. Wyatt, 157 F.3d 1016, 1019-20 (5th Cir. 1998); Smith, 2008 WL 2951279, at *2.[4]

---

[4] Out of an abundance of caution, the Court notes that, even if plaintiff's claims were not prescribed, they would still be subject to immediate dismissal pursuant to Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the United States Supreme Court stated:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck, 512 U.S. at 486-87 (footnote omitted).

Heck would therefore bar plaintiff's false arrest claims until such time as he obtained a favorable disposition on the charges for which he was arrested and currently stands convicted. See Walter v. Horseshoe Entertainment, 483 Fed. App'x 884, 887 (5th Cir. 2012) ("In order to support a claim for unlawful arrest, a plaintiff must show that he was arrested without probable cause. Here, the plaintiffs were arrested for crimes of which they were ultimately convicted. Heck therefore bars recovery for the false arrest claim, because the conviction necessarily implies that there was probable cause for the arrest." (citation omitted)); see also Queen v. Purser, 109 Fed. App'x 659, 660 (5th Cir. 2004); Wells v. Bonner, 45 F.3d 90, 95 (5th Cir.1995); Birgans v. Louisiana, Civ. Action No. 09-0926, 2010 WL 2428026, at *2-4 (W.D. La. Apr. 26, 2010), adopted, 2010 WL 2485958 (W.D. La. June 10, 2010), appeal dismissed, 411 Fed. App'x 717 (5th Cir. 2011); Jordan v. Strain, Civ. Action No. 09-3565, 2009 WL 2900013, at *2 n.4 (E.D. La. Aug. 28, 2009); Landor v. Hogue, Civ. Action No. 07-9171, 2008 WL 243950, at *3 (E.D. La. Jan. 25, 2008). The same is true with respect to any related false imprisonment claims. Vann v. Gilbert, 482 Fed. App'x 876, 880 (5th Cir.), cert. denied, 133 S.Ct. 549 (2012); Jackson v. Terrell Police Department, Civ. Action No. 3:09-CV-2307, 2010 WL 183935, at *2-3 (N.D. Tex. Jan. 19, 2010); Burgo v. Ruiz, Civ. Action No. 09-1165, 2009 WL 5108390, at *2-3 (W.D. La. Dec. 15, 2009); Landor, 2008 WL 243950, at *3. Heck would likewise bar his related illegal search and seizure claims. See Johnson v. Bradford, 72 Fed. App'x 98, 99 (5th Cir. 2003); Hall v. Lorenz, No. 02-50312, 2002 WL 31049457 (5th Cir. Aug. 30, 2002); Idel v. New Orleans Police Department, Civ. Action No. 11-1078, 2012 WL 860380, at *3 (E.D. La. Mar. 13, 2012). Claims barred by Heck are legally frivolous. Hamilton v. Lyons, 74 F.3d 99, 102 (5th Cir. 1996).

**RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's federal civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[5]

New Orleans, Louisiana, this twentieth day of March, 2014.

_____
**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[5] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.